CITY OF ROCKLAND *vs.* INHABITANTS OF DEER ISLE.

Knox.    Opinion February 20, 1909.

*Evidence.    Poll Tax.    Instructions.    Revised Statutes, chapter 27, section 1,*
*paragraph VI.*

1. That a poll tax was assessed against a person in a given town is not competent evidence that he had his-home in that town at the time.
2. That a person voluntarily paid a poll tax demanded of him by the tax collector of a given town is competent evidence that he had his home in that town at the time of the supposed assessment, even though such tax was not in fact assessed against him.
3. A libel for divorce signed by the-libellant's own hand was in evidence, and the jury were instructed that in determining where the libellant had his home at the date of the libel, they might consider the statement in the libel as to his residence. *Held:* That the party maintaining that the libellant's residence was not as stated in the libel, had no ground for exception.

On exceptions by plaintiff.    Overruled.

Action of assumpsit to recover $409.33 for pauper supplies furnished by the plaintiff to a pauper whose pauper settlement was alleged to be in the defendant town.    Plea, the general issue. Verdict for the defendant town.    The plaintiff excepted to the ruling of the presiding Justice admitting certain evidence.

The points in issue are stated in the opinion.    ·

*Philip Howard,* for plaintiff.

*E. P. Spofford, and Joseph E. Moore,* for defendants.

SITTING :    EMERY, C. J., WHITEHOUSE, SPEAR, CORNISH, BIRD, JJ.

EMERY, C. J.    The principal issue in the case was whether under R. S., ch. 27, sec. 1, par. VI, the pauper had had "his home" in the town of Stonington for five successive years after the summer of 1896, and before Aug. 1, 1905.    The statutory home is made up of presence and intention.    He was personally present in Stonington much of that time and as evidence of his intention to make his home there, the defendant town offered testimony that he had

voluntarily paid poll taxes there each year from 1897 to 1905 both inclusive. This evidence was objected to upon the ground that it did not appear that the poll taxes were legally assessed. Whether they were assessed is immaterial. The payment of them was what indicated the pauper's then intention as to his home. The evidence was admissible for that purpose.

The defendant also put in evidence a libel for divorce dated Oct. 17, 1899 signed by the pauper with his own hand in which libel he was described as of Stonington. The presiding Justice instructed the jury that it was for them to say how much weight that evidence had toward proving the pauper's residence to have been at that time in Stonington. This instruction was sufficiently favorable to the plaintiff.

*Exceptions overruled.*